# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Shaun Rhodes, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-cv-2078-TMC |
| v. ) | |
| ) | **ORDER** |
| Hubbell Lighting Inc., *d/b/a* ) | |
| HLI Solutions Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Shaun Rhodes ("Plaintiff") brought this action in state court against his former employer Hubbell Lighting Inc., *d/b/a* HLI Solutions Inc. ("Defendant") asserting claims for (1) employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 and (2) breach of contract under South Carolina law. (ECF No. 1-1). Defendant subsequently removed this action to federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Defendant filed a "partial motion to dismiss" Plaintiff's breach of contract claim. (ECF No. 4). Plaintiff filed a response in opposition (ECF No. 8), and Defendant filed a reply (ECF No. 10).[1]

---

[1] Plaintiff also submitted a sur-reply. (ECF No. 11). The Local Civil Rules for this district do not expressly address sur-replies. *Chambers v. Apple Inc.*, No. 3:14-cv-00972-MGL, 2014 WL 7044167, at *2 (D.S.C. Dec. 12, 2014). Local Rule 7.07, however, provides that even replies to a

Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court grant Defendant's motion for partial dismissal. (ECF No. 13). Plaintiff has not filed objections to the Report and the time for doing so has expired. The court concludes that the issues have been adequately developed for purposes of this motion and that a hearing is unnecessary for the court to issue a ruling. *See* Local Civil Rule 7.08 (D.S.C.). For the reasons set forth below, the court agrees with the recommendation set forth in the Report and **GRANTS** Defendant's motion to dismiss Plaintiff's breach of contract claim. (ECF No. 4).

## Facts

For purposes of this motion, the court takes the facts alleged in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). In this case, those facts are these. Plaintiff, an African American male, was employed by Defendant during all relevant times until he resigned in May of 2021. (ECF No. 1-1 at 3). On February 15, 2020,

---

motion are "discouraged." Indeed, were this court to permit parties to file sur-replies as a matter of course, it "would put the court in the position of refereeing an endless volley of briefs." *Byrom v. Delta Fam. Care--Disability & Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) (internal quotation marks omitted). On November 5, 2020, to underscore this court's view of sur-replies, the undersigned issued a standing order directing that a party "may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." *In re: Sur-Replies*, Standing Order (D.S.C. Nov. 5, 2020). Plaintiff submitted his sur-reply without seeking leave of court to do so. Although the magistrate judge graciously considered the sur-reply in issuing a recommendation to this court, (ECF No. 13 at 1 n.1), the undersigned will not consider the sur-reply in light of the Local Rules and the undersigned's own standing order.

Defendant announced it was promoting Plaintiff to the position of Lab Manager. Plaintiff accepted the offer of promotion, which increased his earnings to $85,000.00 per year. Plaintiff was aware that this salary was significantly less than the previous two lab managers, who were both white. *Id*. at 4. Plaintiff also learned that some white employees who would be reporting directly to him were being paid a higher salary. *Id*. at 4.

In November 2020, Defendant informed Plaintiff that as part of a reduction in force, the Certification Manager would be laid off and Plaintiff would have to assume responsibility for his duties. *Id*. at 6. Plaintiff asked whether he would receive additional compensation considering his increased responsibilities, but Plaintiff could not get a direct answer from his supervisors, all of whom were white. It was clear to Plaintiff that his supervisors were displeased with him for questioning his compensation. *Id*.

In January 2021, after Plaintiff had questioned his compensation package, Plaintiff received, for the first time, a lower rating on his employee review. *Id*. Over the next several months Plaintiff "received different threats of adverse employment actions" from various superiors in the company. *Id*. Upset by the discriminatory pay to himself and other black employees, as well as the perceived threats, Plaintiff resigned from Defendant's Diversity & Inclusion Group. *Id*. The VP of Human Resources then warned Plaintiff "not to burn bridges." *Id*.

In May 2021, "the Director of Engineering and the Director of Warranty Department issued Plaintiff a Performance Review Plan, which was known to be a precursor to termination." *Id*. at 7. Taking preemptive action, Plaintiff submitted his letter of resignation a few weeks into May. *Id*. During Plaintiff's exit interview, the Director of Human Resources indicated Plaintiff's Performance Review Plan had no merit. *Id*.

Plaintiff filed this action primarily alleging employment discrimination based on race. *Id*. Plaintiff also asserted a breach of contract claim, alleging that "Plaintiff's employment with Defendant was an at-will contract and thus contained the implied term of good faith and fair dealing." *Id*. at 8. According to the complaint, "Defendant's treatment of Plaintiff during his employment . . . constitutes bad faith and unfair treatment of Plaintiff," including "paying Plaintiff less than the employees who reported to him," "paying Plaintiff less than other lab managers," "paying Plaintiff less than what Defendant's established pay structure for his position, experience, and qualifications warranted," "threatening Plaintiff with adverse employment actions after he questioned his compensation when Defendant assigned him additional responsibilities and subordinates to manage," and "placing Plaintiff on a Performance Improvement Plan that was not merited or warranted and contained falsehoods about Plaintiff." *Id*.

In conjunction with the removal of this action to federal court, (ECF No. 1), Defendant moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's breach of contract claim, arguing that "an employer's treatment or termination of an at-will employee cannot give raise to a claim for breach of contract and Plaintiff has not adequately pleaded a breach of contract claim." (ECF No. 4-1 at 1). In response, Plaintiff contends that, under South Carolina law, "the at-will provision is but one term of [an] employment contract and only relates to termination of employment" and that "the duty of good faith and fair dealing is also [an implied] term of the employment contract and applies to conduct of the parties during the employment relationship." (ECF No. 8 at 5). Plaintiff alleges that Defendant breached this implied term by paying him less than the employees who reported to him; paying him less than other lab managers; paying him less than what Defendant's established pay structure for his position, experience, and qualifications warranted; threatening him with adverse employment actions after he questioned his compensation when defendant assigned him additional responsibilities and subordinates to manage; and placing him on a performance improvement plan that was not merited and contained falsehoods about Plaintiff. *Id*. at 3.

## Report

The magistrate judge first noted that a promise of at-will employment in South Carolina "'creates no enforceable rights in favor of the employee other than the right

to collect wages accrued for work performed.'" (ECF No. 13 at 6 (quoting *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 482 (D.S.C. 2012) (internal quotation marks omitted), *aff'd*, No. 12-2538 (4th Cir. July 12, 2013)). The Report acknowledges that "[t]here exists in every contract an implied covenant of good faith and fair dealing," including at-will employment contracts. (ECF No. 13 at 6 (quoting *Hall v. UBS Fin. Servs., Inc.*, 866 S.E.2d 337, 342 (S.C. 2021) (internal quotation marks omitted)). The magistrate judge observed, however, that although "such a covenant in an at-will contract may prevent an employer from acting in bad faith to prevent the employee from receiving the compensation he was promised," it "does not give an employee a contractual right not to be threatened with adverse actions or subjected to actions short of termination" or "a contractual right to receive wages higher than those the employer promised, even if the employer's motives for not paying more are discriminatory." (ECF No. 13 at 7–8). Applying these principles to Plaintiff's breach of contract allegations, the magistrate judge concluded that "Plaintiff has not alleged any action by Defendant that interfered with his right to receive the wages that accrued during his employment" and that "he does not plausibly allege the breach of any enforceable right he possessed under his at-will employment contract." *Id.* at 6–7. Accordingly, the magistrate judge recommended that the court grant Defendant's motion for partial dismissal.

## Standard of Review

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole

7

or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## Discussion

Plaintiff did not file any objections to the Report. The court agrees with the analysis and recommendation of the magistrate judge and finds no error, clear or otherwise, in the Report. (ECF No. 13). "In South Carolina, employment at-will is presumed absent the creation of a specific contract of employment." *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C. 2010). The at-will employment doctrine "in its pure form allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason." *Culler v. v. Blue Ridge Elec. Co-op., Inc.*, 422 S.E.2d at 91, 92 (S.C. 1992). "The essence of the at-will employment doctrine is the unfettered right to terminate the employment at any time for any reason or no reason." *Bookman v. Shakespeare Co.*, 442 S.E.2d

183, 184 (S.C. Ct. App. 1994). A promise of at-will employment, however, "creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed." *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 482 (D.S.C. 2012), *aff'd* (July 12, 2013). Furthermore, as the magistrate judge explained, the covenant of good faith and fair dealing implied in each at-will employment contract "does not give an employee a contractual right not to be threatened with adverse actions or subjected to actions short of termination" or "a contractual right to receive wages higher than those the employer promised, even if the employer's motives for not paying more are discriminatory." (ECF No. 13 at 7–8).

In sum, "employment at-will is presumed absent the creation of a specific contract of employment." *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309–10 (2010). But, "[i]n order to prevail on [a] claim of breach of contract, plaintiff bears the burden of establishing the existence and terms of the contract, defendant's breach of one or more of the contractual terms, and damages resulting from the breach." *Taylor v. Cummins Atl., Inc.*, 852 F. Supp. 1279, 1286 (D.S.C. 1994). As the Report makes clear, Plaintiff has not alleged that he and Defendant agreed to higher wages than he was paid or that there was an agreement that he would receive the same salary that previous employees in his position received. To the contrary, Plaintiff alleges that he accepted the promotion at the $85,000 salary even though he

was aware that this salary was less than that received by previous lab managers. (ECF No. 1-1 at 4).

## Conclusion

Accordingly, having carefully reviewed the complaint and the briefs of the parties, the court ADOPTS the Report (ECF No. 13) and incorporates it herein. Defendant's motion for partial dismissal (ECF No. 4) is hereby **GRANTED** and Plaintiff's breach of contract cause of action is **DISMISSED**.

    **IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 29, 2023